O. J. ERICKSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8972. Promulgated November 26, 1927.

R. W. Parliman, Jr., for the petitioner.
W. F. Gibbs, Esq., for the respondent.

364

OPINION.

GREEN: The petitioner contends that, inasmuch as article 305 of Regulations 65 provides that the exemption to which a married person living with husband or wife is entitled, will be prorated according to the period during which the taxpayer occupies such status, he is entitled to have article 305 of Regulations 45 similarly construed even though it contains no comparable provision. It is sufficient to say that this provision of Regulations 65 is in accordance with the provisions of section 216(f) (2) of the Revenue Act of 1924, where for the first time the statute made provision for prorating the exemption in case of change of status.

Section 216 of the Revenue Act of 1918, insofar as is here material, reads as follows:

That for the purpose of the normal tax only there shall be allowed the following credits:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(c) In the case of a single person, a personal exemption of $1,000, or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $2,000: A husband and wife living together shall receive but one personal exemption of $2,000 against their aggregate net income; and in case they make separate returns, the personal exemption of $2,000 may be taken by either or divided between them.

Article 305 of Regulations 45 reads, in part, as follows:

The status of the taxpayer on the last day of his taxable year determines his right to an additional exemption and to a credit for dependents. \* \* \* But an unmarried individual or a married individual not living with husband or wife, who during the taxable year has ceased to be the head of a family or to have dependents, is entitled only to the personal exemption of $1,000 allowed a single person.

Article 305 does not differ materially from the previous regulations and rulings of the Commissioner and represents the established practice of the Bureau under the Revenue Act of 1913 and subsequent acts up to and including the Revenue Act of 1921.

We regard the regulation as a reasonable construction of section 216(c) and we see no merit in the petitioner's contention. We accordingly hold that the respondent's action in allowing the petitioner a credit of only $1,000 is correct.

The petitioner further contends that the statute of limitations has run. It is provided by section 277(a)(3) of the Revenue Act of 1926, that taxes imposed by the Revenue Act of 1918 shall be assessed within five years, and by section 277(b) that such period shall be extended by the time for which the running of the statute is suspended. Section 274(a) of the same Act suspends the statute pending a final determination of a proceeding before this Board. We accordingly affirm the Commissioner in this respect.

*Judgment will be entered for the respondent.*

Considered by STERNHAGEN and ARUNDELL.